## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### COURT FILE NO.: _____

---

JEREMY DUKES,

    Plaintiff,        **COMPLAINT**

v.

              **JURY TRIAL DEMANDED**

ALDOUS & ASSOCIATES, PLLC,

    Defendant.

---

### INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5.  Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

6.  Plaintiff Jeremy Dukes (hereinafter "Plaintiff"), is a natural person residing in the County of Broward, State of Florida, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

## DEFENDANT

7.  Defendant Aldous & Associates, PLLC, is a Utah Professional Limited Liability Company with its principal place of business located at 4725 South Holladay Blvd, #210, Holladay, UT 84117.

8.  Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

9.  Sometime prior to November 2011, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

10. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

11.     On November 9, 2011, Defendant telephoned Plaintiff and left a voicemail message, which is a "communication" as defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

12.     Defendant's message stated:

> Hello this is Bruce Green with Aldous and Associates, attorneys at law. This message is for Jeremy Dukes regarding a personal business matter that has now been assigned to our law office. Please call us back at 1-888-221-5155. Again that's 1-888-221-5155. Thank you.

13.     Defendant's voicemail message failed to identify the caller as a debt collector attempting to collect a debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(11).

14.     On November 10, 2011, Defendant telephoned Plaintiff and left a voicemail message, which is a "communication" as defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

15.     Defendant's message stated:

> Hello this is Bruce Green with Aldous and Associates, attorneys at law. This message is for Jeremy Dukes regarding a personal business matter that has now been assigned to our law office. Please call us back at 1-888-221-5155. Again that's 1-888-221-5155. Thank you.

16.     Defendant's voicemail message failed to identify the caller as a debt collector attempting to collect a debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(11).

17.  Upon information and belief, Defendants did not send Plaintiff a 30-Day Validation Notice within five (5) days of the initial communication, violating Section 809 of the FDCPA, 15 U.S.C. § 1692g.

18.  Plaintiff suffered actual damages under the FDCPA in the form of fear of answering the telephone, nervousness, and embarrassment when talking to or seeing friends and family.

## RESPONDEAT SUPERIOR LIABILITY

19.  The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendant.

20.  The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

21.  By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

22.  Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Florida law, in their attempts to collect this debt from Plaintiff.

*Summary*

23.   The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

24.   Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

25.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S.  Const. amend. 7;  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

29.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

30.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

31.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Dated this 25 day of Oct. , 2012

Respectfully submitted,

LAW OFFICES OF ARTURO DOPAZO, III, P.A.

Arturo Dopazo, III, Esq.
adopazo@dopazolaw.com
Fla. Bar No.: 99058
*Attorney for Plaintiff*
Law Offices of Arturo Dopazo, III, P.A.
4825 East 4th Avenue, Hialeah, FL 33013
Telephone:  (305) 828-6801
Facsimile:  (305) 828-6810